IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

## PAUL K. FLANNIGAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27527    James C. Beasley, Jr., Judge**

_____

**No. W2003-02979-CCA-R3-PC  - Filed February 28, 2005**

_____

The petitioner, Paul K. Flannigan, appeals *pro se* from the order of the Shelby County Criminal Court denying his petition for post-conviction relief. The trial court dismissed the petition for failure to state a colorable claim. On appeal, the petitioner asserts that his judgments, indictments, and jury verdicts are invalid. He further argues that the trial judge and district attorney have acted improperly. Finding no merit in this appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Paul K. Flannigan, South Central Correctional Facility, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; Paul Hagerman, Paul Goodman, and Michael McCusker, Assistant District Attorneys General, for the appellant, State of Tennessee.

**OPINION**

**I. FACTS AND PROCEDURAL BACKGROUND**

A jury convicted the petitioner of: (1) attempted first degree murder, a Class A felony; (2) two counts of especially aggravated robbery, each a Class A felony; (3) three counts of aggravated rape, each a Class A felony; and (4) one count of aggravated burglary, a Class C felony. On direct appeal, this Court dismissed one of the aggravated rape convictions due to insufficient evidence and modified the petitioner's effective sentence from 125 years to 93 years. State v. Paul Flannigan, No. W2001-00907-CCA-R3-CD, 2002 WL 1483205 (Tenn. Crim. App., at Jackson, Feb. 15, 2002), perm. app. denied (Tenn. Sept. 9, 2002).

The petitioner then filed a *pro se* petition for post-conviction relief. At the subsequent hearing, he argued that lack of the clerk's signature invalidated the judgments, indictments, and jury verdicts. He also orally requested habeas corpus relief as an alternative to post-conviction relief. Before ruling, the trial court continuously advised the petitioner to utilize the help of counsel. However, the petitioner refused a court-appointed attorney and insisted on proceeding *pro se*. In an order denying relief, the trial court stated the following:

> The petitioner relies on his reading of Article 6, Section 12 of the Tennessee Constitution.
>
> Article 6, Section 12, of the Tennessee Constitution states that Writs and other Processes must be signed by the Clerk of the Court. The next sentence deals with indictments and the requirement for indictments is that they must contain the phrase "against the peace and dignity of the State." The two types of documents are separate and are treated separately by law. . . . The Court has reviewed the indictments in this cause and finds that they meet not only Tennessee Constitutional standards but also Tennessee Code Annotated standards, therefore this issue is without merit. The petitioner also complains that the Jury verdict was not signed at the time of the rendering of the verdict. The Court has reviewed the records of this cause and finds that the verdict form of the jury was properly signed by the foreman of the jury, therefore, this issue is without merit. The petitioner also complains that the judgment [sic] order was not signed by the Court. The Court has reviewed the judgment orders in this cause and finds that they were signed . . . in accordance with the law and therefore, this issue is without merit. Finally, the petitioner complains that the minute entries for Division Seven, the Court in which he was tried, were not signed by the Court. This Court has reviewed the minute entries for that division of Court for the appropriate dates and finds that the minutes were properly signed, therefore, this issue is without merit. The petitioner also alleges that the Court was without jurisdiction to try his case because of the defects he has alleged existed in the indictments. Based upon this Court's findings that the indictments were properly prepared and returned, it is this Court's opinion that the Trial Court did in fact have jurisdiction to try this cause. For all the above reasons this Court finds that the petitioner has failed to state a colorable claim on which to file a petition for post conviction relief.

This timely appeal followed.

## II. ANALYSIS

In order to succeed on a post-conviction claim, the petitioner bears the burden of proving, by clear and convincing evidence, the allegations of his petition. Tenn. Code Ann. § 40-30-110(f) (2003). Clear and convincing evidence is "evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "Upon review, this Court will not reweigh or reevaluate the evidence." Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). The factual issues raised by the

evidence are to be resolved by the trial judge, not the appellate courts. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). The trial court's findings of fact on a post-conviction petition are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the trial court's application of the law is de novo, with no presumption of correctness. "See" Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).

Recurrent in the petitioner's brief is his interpretation of Article VI, section 12 of the Tennessee Constitution. He argues that this section requires that judgments, indictments, and jury verdicts include the signature of the trial court clerk and "run in the name of the State of Tennessee." The petitioner also alleges improper conduct on the part of the district attorney and the trial judge for failure to acknowledge this interpretation of our state constitution.

Whether the judgments, indictments, and jury verdicts comply with statutory law and the Tennessee Constitution is a question of law that we must review de novo. Article VI, section 12 of the Tennessee Constitution requires the court clerk to sign "writs" and other "processes." Tenn. Const. art. VI, § 12. A writ is a "court's written order, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specified act." Black's Law Dictionary 1602 (7th ed. 1999). "The judicial process referenced in Article VI, section 12 is 'original process'." Kenneth B. White v. State, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, at *2 (Tenn. Crim. App. at Nashville, Oct. 26, 2004). Original process is "the means of compelling a defendant to appear in the court after suing out the original writ in civil, and after indictment in criminal cases." White v. State, 50 Tenn. (3 Heisk.)338 (Tenn. 1871).

Article VI, section 12 merely requires that an indictment contain the phrase, "against the peace and dignity of the State." Tenn. Const. art. VI §12. Tennessee Code Annotated section 40-13-201 defines the specific form for indictments. Neither statutory nor constitutional provisions require that a valid indictment must include the signature of the court clerk. The indictments in this case provide ample notice of the offenses and carry no indication of invalidity.

Under Article VI, section 12, the judgments are also valid. This Court has recently held that judgments do not require the signature of the clerk under Article VI, section 12 of the Tennessee Constitution. White, 2004 WL 2387508, at *2. Rule 32(e) of the Tennessee Rules of Criminal Procedure provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . The judgment shall be signed by the judge and entered by the clerk." Thus, neither the Tennessee Constitution nor the Tennessee Rules of Criminal Procedure require the clerk's signature on a judgment.

Similarly, the jury verdicts comply with Article VI, section 12. Jury verdicts are neither "writs" nor are they "processes." Thus, they do not require the signature of the trial court clerk.

The petitioner incorrectly alleges that the trial judge and district attorney are guilty of misconduct. The petitioner argues that he has been unlawfully charged, prosecuted, and confined

under faulty indictments, jury verdicts, and judgments. As previously stated, these instruments are valid. Furthermore, the petitioner failed to bring these contentions on direct appeal and has thereby waived these arguments.

Finally, we address the trial court's refusal to grant the petitioner's oral request for habeas corpus relief. The trial court had the discretion to approve the request at the post-conviction hearing, but found no basis for relief. Tennessee Code Annotated section 29-21-104 provides that when a court with power to issue the writ "has evidence, from a judicial proceeding, that any person within the jurisdiction of such court . . . is illegally imprisoned or restrained of liberty, it is the duty of such court . . . to issue . . . the writ . . . although no application be made therefor." However, the petitioner has not presented a successful argument that his sentences are void or that his confinement has expired. Thus, habeas corpus relief is not merited.

### III. CONCLUSION

This Court has thoroughly reviewed the underlying issues which give rise to this *pro se* appeal. Finding no merit in the allegations, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE